IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM JAMES,

        Plaintiff,               No. 2:10-cv-0664 MCE DAD P

vs.

COUNTY OF SACRAMENTO et al.,

        Defendants.         <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a former pretrial detainee proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendants County of Sacramento, John McGinness, Eric Maness, Mark Filer, Ernesto Necoechea, and Michael Sotak. Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendants County of Sacramento, John McGinness, Eric Maness, Mark Filer, Nurse Ernesto Necoechea, and Dr. Michael Sotak. Therein, he alleges that on or about March 3, 2008, he was a pretrial detainee at the Sacramento County Mail Jail. According to plaintiff, county jail officials were aware that he suffered from a seizure disorder. Plaintiff alleges that he submitted a Miscellaneous Medical

1

Needs form to jail staff and indicated that he needed to be housed on a lower tier and assigned to a lower bunk to avoid the risk of falling down stairs or from an upper bunk. However, on March 7, 2008, county jail officials assigned plaintiff to a cell on the second tier of the fourth floor of the jail. Plaintiff informed the officers escorting him to his assigned cell about his seizure disorder and showed them the Miscellaneous Medical Needs form, but they nevertheless instructed him to go to his cell. Plaintiff then showed the Miscellaneous Medical Needs form to the officers in the control tower, and they too instructed him to return to his cell. (Compl. at 3.)

On or about March 19, 2008, while transferring from his cell to another location, plaintiff had a seizure while at the top of the stairs that led from the second tier to the first tier of the floor. Plaintiff fell down the stairs and suffered serious injuries and pain as a result of the fall. Plaintiff was transported to Sutter Medical Center by ambulance in a semi-conscious state and remained in the intensive care unit for three days. While at Sutter, plaintiff was diagnosed with an intercerebral hemorrhage and severe sciatic-like pain. On March 21, 2008, plaintiff was released from Sutter Medical Center and transported back to the main jail. He was then transported to a medical cell in a wheelchair. Defendant Filer told plaintiff to get out of the wheelchair and lie on the mattress on the floor of his cell. Plaintiff told the defendant that he needed the wheelchair and that he was in too much pain to get out of the wheelchair. Defendant Filer consulted with defendants Nurse Necoechea and Dr. Sotak who, without examining plaintiff, opined that he did not need a wheelchair. Defendant Filer then asked defendant Kendrick to assist him in distracting plaintiff while defendant Filer tipped the wheelchair and dumped plaintiff onto the floor. Neither defendant Filer nor defendant Kendrick attempted to assist or lift plaintiff out of the wheelchair. Defendants Filer, Kendrick, Nurse Necoechea, and Dr. Sotak then left plaintiff on the floor and laughed at his complaints of pain. Plaintiff alleges that he suffered severe pain in his legs and back after this incident. Finally, on April 17, 2009, after conducting a medical evaluation, a jail physician signed a Miscellaneous Medical Needs

/////

form for plaintiff reiterating that plaintiff needed a lower bunk on a lower tier and also needed a wheelchair. (Compl. at 3-4.)

Plaintiff asserts the following claims in his complaint: (1) the defendants, not including the County of Sacramento, violated his Fourteenth Amendment rights when they were deliberately indifferent to his medical needs; (2) defendants Filer, Kendrick, Nurse Necoechea, and Dr. Sotak violated his Fourteenth Amendment rights when they used excessive force against him; (3) the defendants violated his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") when they failed to accommodate his seizure disorder by housing him in an inappropriate cell and by depriving him of a wheelchair; (4) - (5) defendants County of Sacramento, McGinness, and Maness violated his Fourteenth Amendment rights when they failed to supervise and adequately train jail staff and maintained policies that were the moving force behind the violation of plaintiff's constitutional rights; (6) defendants Nurse Necoechea, Dr. Sotak, Filer, and Kendrick violated California Government Code § 845.6; (7) defendants, not including the County of Sacramento, violated California Government Code § 820; (8) defendants violated California Government Code §§ 11135-11139; and (9) defendants McGinness and Maness were negligent in their supervision, training, hiring and retention. In terms of relief, plaintiff requests monetary damages. (Compl. at 5-13.)

**DEFENDANTS' MOTION TO DISMISS**

I. Defendants' Motion

Defense counsel has filed the pending motion to dismiss based on the following grounds: (1) plaintiff's fourth and fifth Monell claims against defendants McGinness, Maness, Filer, Nurse Necoechea, and Dr. Sotak in their official capacity should be dismissed as redundant because plaintiff names the County of Sacramento as a defendant in these claims for relief; (2) plaintiff's second claim against defendants Nurse Necoechea and Dr. Sotak should be dismissed because he has not alleged that they used force against him; (3) plaintiff's third claim against defendants Filer, McGinness, Maness, Nurse Necoechea, and Dr. Sotak should be dismissed as

3

there is no individual liability under the ADA and RA; and (4) plaintiff's state law claims should be dismissed as barred by the statute of limitations. (Defs.' Mot. to Dismiss at 1 & 5-8.)

II. <u>Plaintiff's Opposition</u>

In a brief opposition to defendants' motion to dismiss, plaintiff reiterates many of the allegations of his complaint. In this regard, plaintiff directs the court to review the claims defendants seek to dismiss. Plaintiff also contends that a claims administrator who works on behalf of the county agreed that plaintiff could submit a reasonable offer to settle his state law claims. In plaintiff's view, this purported agreement voided any previous rejection of his state law claims and presumably advanced the start date of the statute of limitations on his claims to a later date. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1-4 & Attachs.)

III. <u>Defendants' Reply</u>

In reply, defense counsel argues that plaintiff does not oppose defendants' argument that the court should dismiss his fourth and fifth claims against defendants McGinness, Maness, Filer, Nurse Necoechea, and Dr. Sotak in their official capacity as redundant. In addition, defense counsel argues that plaintiff does not oppose defendants' argument that the court should dismiss his second claim against defendants Nurse Necoechea and Dr. Sotak because he does not allege that these defendants used force against him. In fact, plaintiff reiterates in his opposition that these defendants allegedly violated his constitutional rights because they failed to "properly medically examine him." Next, defense counsel notes that plaintiff's opposition merely restates his ADA and RA allegations, but since plaintiff cannot state a claim against the defendants in their individual capacity they should be dismissed. Finally, defense counsel repeats that plaintiff's state law claims are untimely and notes that insofar as plaintiff argues that the defendants should be equitably estopped from asserting a statute of limitations defense, plaintiff has failed to prove the requirements for estoppel. (Defs.' Reply at 1-2.)

/////

**ANALYSIS**

I. Motion Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

II. Discussion

The court will address each of defendants' arguments in turn. First, defendants have moved to dismiss plaintiff's fourth and fifth Monell claims against defendants McGinness, Maness, Filer, Nurse Necoechea, and Dr. Sotak in their official capacity as redundant because plaintiff has also named defendant County of Sacramento in his fourth and fifth claims. As an initial matter, plaintiff only lists defendants County of Sacramento, McGinness, and Maness in his fourth and fifth claims. (Compl. at 8-11.) As to defendants McGinness and Maness, as defense counsel observes, plaintiff does not appear to oppose this aspect of the pending motion. Moreover, "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." Ctr. for Bio-Ethical Reform v. Los Angeles County Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008). See also Armstrong v. Siskiyou County Sheriff's Dep't, No. 2:07-cv-1046-GEB-GGH, 2009 WL 4572879 at *5 (E.D. Cal. Dec. 1, 2009) (granting summary judgment for officers because official capacity claims against them were redundant of the claims against the Siskiyou County Sheriff's Department), aff'd No. 09-17801, 2011 WL 835183 (9th Cir. Mar. 10, 2011). Accordingly, the court will recommend that defendants' motion to dismiss defendants McGinness and Maness from plaintiff's fourth and fifth claims be granted.

Second, defendants have moved to dismiss plaintiff's second claim against defendants Nurse Necoechea and Dr. Sotak because plaintiff has not alleged that these defendants used any force against him. In plaintiff's opposition to defendants' motion, plaintiff directs the court to the second claim of his complaint and reiterates that defendants Nurse Necoechea and Dr. Sotak "fail[ed] to properly medically examine him" before defendant Filer dumped him out of his wheelchair. Plaintiff is advised that there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633

1 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Here, in his complaint plaintiff alleges that defendant Filer, not Nurse Necoechea and Dr. Sotak, used force against him.  Accordingly, the court will recommend that defendants' motion to dismiss defendants Nurse Necoechea and Dr. Sotak from plaintiff's second (excessive use of force) claim be granted.

Next, defendants have moved to dismiss plaintiff's third claim against defendants McGinness, Maness, Nurse Necoechea, Dr. Sotak, and Filer because there is no individual liability under the ADA and RA.  In plaintiff's opposition to defendants' motion, plaintiff directs the court to the third claim of his complaint and reiterates that the defendants discriminated against him by failing to accommodate his seizure disorder by housing him in an inappropriate cell and by refusing to allow him to keep his wheelchair.  However, it is well established that "plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).  Accordingly, the court will recommend that defendants' motion to dismiss defendants McGinness, Maness, Nurse Necoechea, Dr. Sotak and Filer from plaintiff's third (ADA/RA) claim be granted.

Finally, defendants have moved to dismiss plaintiff's state law claims as barred by the applicable statute of limitations.  Under the California Tort Claims Act, plaintiff is required to bring any government tort claim against a public entity or its employees within six months after the cause of action accrues.  See Cal. Gov't Code §§ 811.2, 905 & 911.2.  Here, plaintiff complains about events that allegedly took place in March and/or April 2008.  On April 8, 2008, plaintiff brought two separate claims to the County of Sacramento, both of which the county rejected on April 21, 2008.  (Defs.' Mot. to Dismiss at Exs. A-D.)  Plaintiff had six months thereafter to file a court action regarding the claims.  See Cal. Gov't Code § 945.6.  However, plaintiff did not file this action until March 19, 2010, well after the six-month period had expired.  Moreover, insofar as plaintiff is asserting a claim for equitable estoppel based on a

7

letter he received from a county claims administrator, he in error. In the letter, the claims administrator informed plaintiff that he declined plaintiff's settlement offer because he did not have the authority to facilitate plaintiff's "early release from jail." The claims administrator noted that if plaintiff wished to settle his claim he could submit a reasonable settlement demand for consideration. (Pl.'s Opp'n to Defs.' Mot. to Dismiss Attachs.) The letter did not explicitly or implicitly mention the county's prior decisions to reject plaintiff's claims during the administrative review process. Nor does plaintiff allege that the letter contains false or misleading information that either prevented him from filing a complaint containing his state law cause of action on time or led plaintiff to conduct himself in a way he otherwise would not have as is required to assert a claim of estoppel. See Steinhart v. County of Los Angeles, 47 Cal. 4th 1298, 1315 (2010); State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., 40 Cal.3d 5, 16 (1985); Harris v. Harris, 2:11-cv-2186 GEB KJN, 2012 WL 1435680 at *25 (E.D. Cal. Apr. 25, 2012) ("Estoppel commonly results from misleading statements about the need for or the advisability of a claim.").

Finally, plaintiff was a pretrial detainee when he filed this action. Accordingly, the tolling provisions of state law - which toll the statute of limitations for a period of up to two years based on the disability of imprisonment - do not apply. See Cal. Code of Civ. P. § 352.1; Jones v. Blanas, 393 F.3d 918, 927-28 (9th Cir. 2004) (civil detainee not entitled to tolling of statute of limitations for two years because he was not "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."). Accordingly, the court will recommend that defendants' motion to dismiss plaintiff's state law claims as barred by the applicable statute of limitations be granted.

## CONCLUSION

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 31) be granted as follows:

/////

Case 2:10-cv-00664-MCE-AC   Document 43   Filed 06/11/12   Page 9 of 9

      a. Defendants' motion to dismiss defendants McGinness and Maness in their official capacity from plaintiff's fourth and fifth claims be granted;

      b. Defendants' motion to dismiss defendants Nurse Necoechea and Dr. Sotak from plaintiff's second claim be granted;

      c. Defendants' motion to dismiss defendants McGinness, Maness, Nurse Necoechea, Dr. Sotak and Filer from plaintiff's third claim be granted;

      d. Defendants' motion to dismiss plaintiff's sixth, seventh, eighth, and ninth claims based on state law as barred by the statute of limitations be granted; and

2. Defendants be directed to file an answer to plaintiff's remaining claims within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 11, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jame0664.57

9