UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:10-cv-00664-MCE-AC<br><br><br><br>**ORDER** |

Plaintiff William James ("Plaintiff") brought this civil rights action against the County of Sacramento, Sheriff John McGinness, and various employees at the Sacramento County Main Jail (collectively, "Defendants") in 2010. In doing so, Plaintiff requests monetary damages because Defendants purportedly violated his rights under the Fourteenth Amendment, the Americans with Disabilities Act and the Rehabilitation Act when Plaintiff was held as a pretrial detainee.

On two separate occasions, this Court has been prepared to try Plaintiff's case, but Plaintiff failed to file his trial documents by the deadlines set by the Court, failed to meet and confer with Defendants, and failed to collaborate with Defendants on jury instructions, a verdict form, and a statement of the case. The first time this happened, the Court continued Plaintiff's trial and warned him that his failure to meet and confer with Defendants prior to the new trial date, or to submit the required trial documents

could result in dismissal.  Nevertheless, despite having more than eight additional months to file the necessary documents, Plaintiff again failed to comply.  His repeated failures to meet the Court's more than reasonable deadlines are inexcusable.  Plaintiff's Complaint is consequently DISMISSED with prejudice.

## BACKGROUND

On February 11, 2015, the Court issued a Supplemental Pretrial Order (ECF No. 64) in this case scheduling a three-day jury trial to commence on March 30, 2015.  That Supplemental Pretrial Order directed the parties to meet and confer in order to file a joint statement, jury instructions, and a verdict form by March 16, 2015.  The parties were also directed to file individual trial briefs by that same date.

Defendants timely filed all of the required documents.  Plaintiff, however, did not meet and confer with Defendants on the joint documents, and did not file a trial brief.  As a result, the next day the Court issued an Order to Show Cause ("OSC") (ECF No. 76) giving Plaintiff ten days to respond.  That same day, Plaintiff filed jury instructions, a verdict form, proposed voir dire questions, his witness list, and his exhibit list.  On March 26, 2015, Plaintiff filed his trial brief and a declaration responding to the OSC.  Plaintiff explained that he had relied on a paralegal to file his documents by the March 16th deadline and was surprised to learn both that some documents had not been filed until the following day and that the trial brief was not filed at all.  Plaintiff did not address why he had failed to collaborate with Defendants on the joint documents required by the Supplemental Pretrial Order.  Despite these failures, the Court declined to dismiss the action given Plaintiff's quick response, the apparent clerical error that caused the delay in filing, and his pro se status.  The Court instead set a new trial for January 11, 2016, and ordered the parties to file the necessary jointly prepared trial documents no later than December 28, 2015.  ECF No. 87.  The Court's order specifically warned that failure to comply with the included directives could lead to dismissal of the action.  Id.

On December 28, 2015, Defendants filed the required pretrial documents without Plaintiff's input.  Defense counsel Amanda McDermott ("McDermott") averred that she had met and conferred with Plaintiff in July 2015, but was unable to reach an agreement.  ECF No. 98-1.  The parties were scheduled to meet and confer again in December 2015, but by December 22, 2015, appeared to reach a tentative settlement agreement.  A few days later, on December 28, 2015, however, Plaintiff contacted McDermott's office, declined to speak with her, and informed her assistant that he would no longer settle this action and would instead proceed to trial.  Id.  McDermott attempted to contact Plaintiff, but was unable to do so.  Id.  The Court subsequently issued another OSC as to why this case should not be dismissed for Plaintiff's failure to comply with the Court's pretrial deadlines on December 29, 2015.

On January 4, 2016, Plaintiff filed a proposed verdict form.  Two days later, he filed a pretrial statement, proposed jury instructions, and a notice of late filing (ECF No. 103).  In Plaintiff's words:

> Plaintiff has been experiencing severe depression/anxiety as a result of injuries in this case ultimately the stress of everyday life and as well as struggling to adhere to the rules of the court and negotiating with defendants has taken its toll on plaintiff as plaintiff was unable to complete the jury instruction process with defendants.  Plaintiff was admitted into Heritage Oaks Hospital on December 15 and discharged on December 28th missing the courts filing deadline.  Plaintiff has spoken with Ms. Mcdormatt, defendants attorney, on several occasions prior to filing and believed that the parties would come to a settlement agreement.

ECF No. 103.  Plaintiff requested that the Court consider his mental state at the time the documents were due to be filed, and attached a document purporting to verify his hospitalization from December 15 through December 28.

Defendants filed their response to the Court's second OSC on January 7, 2016.  ECF No. 104.  McDermott averred that she had several conversations with Plaintiff about settlement during days on which Plaintiff claimed to be hospitalized.  McDermott's declaration also states that Plaintiff did not inform her of his hospitalization until December 31, 2015.

3

**DISCUSSION**

Given Plaintiff's pro se status, the Court treats his Notice of Late Filing (ECF No. 103) as a motion for an extension of time under Federal Rule of Civil Procedure 6.[1] Rule 6(b)(1)(B) provides that when an act must be done within a specified time, the court may, for good cause, extend the time after it has expired "if the party failed to act because of excusable neglect." To determine whether a party's neglect is excusable under Rule 6(b), courts examine four factors: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. Wystrach v. Ciachurski, 267 F. App'x 606, 607 (9th Cir. 2008) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)); Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004). Balancing the four Pioneer factors is an equitable determination left to the discretion of the Court. Pincay, 289 F.3d at 860.

Here, the Court finds that the Pioneer factors weigh in favor of rejecting Plaintiff's late filing and dismissing his case. Plaintiff's repeated failures to comply with the Court's orders in filing necessary trial documents have already twice affected proceedings in this case and in others. As Defendants point out, this case has been pending for more than five years. ECF No. 104. This is one of the busiest districts in the nation, and each time this case has been confirmed for trial, by default other cases have had to wait.

Furthermore, delaying trial in this matter again will prejudice Defendants. This is the second time Defendants have spent time and money preparing to go to trial, only to find that Plaintiff's failures of cooperation and preparation will prevent them from litigating this case on the merits. Not only does this result in increased litigation expenses, but the passage of time caused by Plaintiff's inability to comply with court orders may make

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

[2] For the purposes of this order, the Court accepts as true Plaintiff's representation that he was

it more difficult for Defendants to defend their case. Accordingly, this factor also weighs in favor of Defendants.

The reason for the delay also favors Defendants in that there is not a particularly good one.[2] Although Plaintiff claims to have been hospitalized from December 15 to December 28, he never communicated this to Defendants, even though he apparently managed to engage in settlement negotiations from the hospital. Indeed, Plaintiff was able to call McDermott's office after he decided not to go through with a settlement on December 28, 2015, but was not willing to speak directly with counsel. Instead, Plaintiff left a message with defense counsel's assistant and then refused to meet and confer regarding the necessary trial documents. ECF No. 104 at ¶¶ 6-7. Plaintiff's contention that he was unable to meet and confer regarding trial documents due to his hospitalization and subsequent discharge simply does not make sense in light of his other conduct.

But even if Plaintiff's hospitalization had prevented him from filing the necessary trial documents between December 15 and December 28, there were still seven months and three weeks before his hospitalization during which he could have attempted to comply with the Court's order. See ECF No. 87 (docketed on April 21, 2015). As other courts recognize, the fact that Plaintiff was hospitalized does not excuse the period of time when he was not hospitalized. See Gibbons v. United States, 317 F.3d 852, 855 (8th Cir. 2003); see also Magraff v. Lowes HIW, Inc., 217 F. App'x 759, 761-62 (10th Cir. 2007) ("Magraff's counsel deliberately waited until the end of the thirty-day period to file the notice of appeal, increasing the risk that unforeseen events, including illness, might interfere with his ability to meet the deadline.").

This sequence of events also leads to the conclusion that Plaintiff's conduct was not in good faith. In reneging on the tentative settlement agreement he reached with Defendants, Plaintiff refused to speak with defense counsel and did not return her calls

---

[2] For the purposes of this order, the Court accepts as true Plaintiff's representation that he was hospitalized from December 15 through December 28, 2015.

5

for three days. ECF No. 104 at ¶¶ 7-9. He also apparently did not inform defense counsel of his hospitalization, even though he spoke with her while he was hospitalized. Id. at ¶¶ 3-4, 9-10. Accordingly, the final Pioneer factor favors Defendants as well.

Given that each of the Pioneer factors cuts against a finding that Plaintiff's late filing of his trial documents results from excusable neglect, the Court declines to accept Plaintiff's late filings. Furthermore, given the Court's caseload, the length of time this case has been pending, and Plaintiff's repeated refusal to comply with the Court's deadlines, the Court will dismiss Plaintiff's claims. "It is well established that district courts have inherent power to control their docket." Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc., 146 F.3d 1071, 1074 (9th Cir. 1998) (internal quotation marks omitted). The Court's power to control its docket includes dismissal as a sanction, particularly where a litigant has engaged in abusive conduct. Id. Plaintiff has had two separate opportunities to try his claims. On both occasions, he has failed to comply with basic, court-ordered deadlines. He has twice been warned that such failures could result in dismissal of his claims. The Court declines to provide him with yet another opportunity. There are already too many deserving litigants in the Eastern District of California who manage to meet deadlines far less generous than the ones imposed in this matter, and Plaintiff's conduct here has delayed their access to justice. Accordingly, the Court hereby DISMISSES Plaintiff's claims with prejudice.

**CONCLUSION**

This action is hereby DISMISSED with prejudice in its entirety. The Clerk of Court is directed to close the case and enter judgment for Defendants.

IT IS SO ORDERED.

Dated: January 22, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT